COMMONWEALTH, by Commissioners of Savings Banks, *vs.* SCITUATE SAVINGS BANK.

Suffolk.    March 24. — June 25, 1884.    DEVENS & COLBURN, JJ., absent.

A., a depositor in a savings bank, assigned and delivered his bank-book to B., who gave notice thereof to the bank. Afterwards the bank was summoned as trustee of A. in a suit against him, and was defaulted. C., as attorney for the plaintiff in that suit, took the execution issued therein, and, within thirty days after judgment, made demand upon the treasurer of the bank, who thereupon issued a deposit-book to C., as trustee, for the amount of A.'s deposit. C. indorsed payment of the amount upon the execution, which was returned satisfied in part. *Held*, that C. did not become a creditor of the bank.

PETITION IN EQUITY, by Charles G. Davis, trustee, to compel the receivers of the respondent bank to rank him as a creditor, and to pay him the dividends declared and to be declared upon a deposit in the bank. Hearing before *Field*, J., who dismissed the petition; and, at the petitioner's request, reported the case for the consideration of the full court. The facts appear in the opinion.

*C. G. Davis*, pro se.

*G. F. Williams*, for the receivers.

HOLMES, J. The petitioner bases his claim upon the following facts: One Eliza Jenkins had been a depositor in the Scituate Savings Bank, but her claim had been assigned and her book delivered to one Craig, who had given notice of his title to the bank. Afterwards the bank was summoned as trustee of Jenkins in a suit against her, and was defaulted. Execution was issued, and the petitioner, as attorney for the plaintiff in that suit, took the execution, and, within thirty days after judgment, made demand upon the treasurer of the bank, who thereupon issued a deposit-book to him, as trustee, for the amount of Jenkins's deposit. The petitioner indorsed payment of the amount upon the execution, which was returned satisfied in part.

On these facts, it is evident that the petitioner cannot claim as assignee of the Jenkins account. That still belongs to Craig, whose title was beyond the reach of any dealings between the bank and the petitioner. In order to succeed, the petitioner must show a new and binding transaction.

It was argued that the bank was to be regarded as having paid the money over, by crediting it in the new deposit-book. But to credit a man with money is not to pay it. A transfer of credit, when it takes place, may have the effect of a payment by the bank to the party from whom the credit is transferred, or it may have that effect upon some previous claim of the transferee against the transferor, but the bank on whose books the credit stands cannot be more than a debtor in respect of that credit.

The petitioner's claim must be worked out in terms of contract, if at all. But even if the bank itself had issued the book, the promise contained in it would have been without consideration. The bank was under no liability, and nothing could have been recovered from it on *scire facias*. The only detriment to the promisee, in any way connected with the issue of the book, was the indorsement of partial satisfaction upon the execution. But that was merely an act done by the petitioner of his own motion, in reliance upon the book, not the conventional inducement for its issue. It would cut up the doctrine of consideration by the roots, if a promisee could make a gratuitous promise binding by subsequently acting in reliance on it.

If it should be suggested that the bank was estopped to deny a consideration, the answer is, that no representation was made other than what was necessarily implied by issuing the book, and that no action on the faith of it can be taken to have been contemplated other than an attempt to collect the amount when thought desirable.

Furthermore, a short answer to the claim, however put, is that the book was not issued by the bank itself, but by the treasurer ; and that the treasurer had no authority to bind the bank by a book which represented neither the Jenkins deposit nor any other. *Commonwealth* v. *Reading Savings Bank*, 133 Mass. 16.

Decisions like *Levy* v. *United States Bank*, 1 Binn. 27, *S. C.* 4 Dall. 234, that a bank, upon which a forged check is drawn, is chargeable when it receives the check and credits it to the holder upon his account, have no application to this case. Upon the principles peculiar to commercial paper, a bank would be bound if it only accepted or certified the check. See *North America National Bank* v. *Bangs*, 106 Mass. 441, 444. Of course, it is not less liable when it makes the check its own, and charges itself for it. *Petition dismissed.*