### ALONZO W. BRAGG *vs.* GUSTOF DANIELSON.

Suffolk. Jan. 20. — Feb. 25, 1886. MORTON, C. J., DEVENS & GARDNER, JJ., absent.

In an action upon a promissory note, it appeared that the note was made for the accommodation of L., who was not a party to it; that, when the note fell due, the plaintiff agreed with the defendant that, if the defendant would pay him another note made by the defendant and held by the plaintiff, and then due, "the plaintiff would undertake to see and would see L. and collect the note now sued upon from him, and release the defendant from liability thereon and deliver said note to him;" and that the defendant paid the other note, and, relying upon the plaintiff's agreement, omitted to take any steps to secure payment of the note in suit by L., as he would have done otherwise. *Held*, that these facts disclosed no defence to the action.

HOLMES, J. This is an action on a promissory note, and the defendant's liability is not disputed, unless the following facts disclose a defence. The note was made for the accommodation of one Lewis, who, however, was not a party to it. When it fell due, the plaintiff agreed with the defendant, that, if the defendant would pay him another note for $225, made by the defendant, held by the plaintiff, and then due, "the plaintiff would undertake to see and would see Lewis and collect the note now sued upon from him, and release the defendant from liabilty thereon and deliver said note to him." The defendant paid the $225 note, and, relying upon the plaintiff's agreement, omitted to take any steps to secure payment of the note in suit by Lewis, as he would have done otherwise.

It is not clear that the plaintiff's promise meant anything more than that the plaintiff would do his best to collect from Lewis, and would release the defendant and hand him the note, if successful. Lewis was not a party to the contract, so that the plaintiff could not have done more than use persuasion; and there was no offer to prove that the plaintiff had not done his best during the ten days that Lewis remained alive. But if the words used imported a present discharge, they were inoperative. There was neither a release nor an accord and satisfaction. In England, it has been said that the law merchant has introduced an exception, in the case of bills and notes, to the rule that, after breach, a simple contract can only be discharged by deed, or upon sufficient consideration. *Foster* v. *Dawber*, 6 Exch. 839, 851. See *Dingwall* v. *Dunster*, 1 Doug. 247; *Farquhar* v. *Southey*, Mood. & Malk. 14, 16. But no such exception is recognized in this Commonwealth, when the note is not surrendered. *Smith* v. *Bartholomew*, 1 Met. 276. *Shaw* v. *Pratt*, 22 Pick. 305. There was no deed, and payment of another debt then due and payable could no more operate as a satisfaction of the debt in suit than payment of part of the latter debt. *Smith* v. *Bartholomew, ubi supra.*

Then it is said that the defendant relied on the plaintiff's promise. *Dixon* v. *Adams*, Cro. Eliz. 538. But the very meaning of the requirement of a consideration for a promise or other parol agreement is, that, if that element is wanting, the party relies on the agreement at his peril. The fact that he suffers

substantial damages by doing so does not render a void contract valid. *Commonwealth* v. *Scituate Savings Bank,* 137 Mass. 301, 302. *Brightman* v. *Hicks,* 108 Mass. 246, 248. *Thorne* v. *Deas,* 4 Johns. 84. As has been said, it does not appear that there was any contract between Lewis and the plaintiff, and therefore the cases cited as to principal and surety do not apply. The defendant was the principal and only debtor to the plaintiff.

*Exceptions overruled.*

*S. J. Thomas & C. P. Sampson,* for the defendant, contended that the defendant was only a surety on the note, and cited *Carpenter* v. *King,* 9 Met. 511; *Weston* v. *Chamberlin,* 7 Cush. 404; *Harris* v. *Brooks,* 21 Pick. 195; *Baker* v. *Briggs,* 8 Pick. 121; *Hastings* v. *Lovejoy,* 140 Mass. 261.

*G. W. McConnell,* for the plaintiff.