INHABITANTS OF NORTHBOROUGH *vs.* CHARLES A. WOOD, & another.

Worcester.     October 7. — 22, 1886.     DEVENS & W. ALLEN, JJ., absent.

A. made a promissory note, payable to a town, which was also signed, before delivery, by a firm composed of B. and C. A. held, at the same time, a note of equal amount, signed by B. and C. individually, as an offset for another note of the same amount made by A. to D. for the use of B. and C.; and the money received by B. and C. from the town on the first-named note was paid by them to D. After this A. held the note signed by B. and C. individually as an offset or protection for his liability upon the first-named note; and there was no other consideration for the first-named note between the makers. A. died, and an executor of his will was appointed. A.'s daughter, who was also the wife of B., in settlement with the executor for her share of A.'s estate, made and signed with the other heirs of A. an agreement, by which they released to her all their interest as such heirs in certain real estate, and "also all notes held by A. against B.," and she released to them all her interest in A.'s estate, real and personal. In execution of this agreement, the executor delivered to A.'s daughter the note signed by B. and C. individually, which was received by her as a part of her share of said estate. B. and C. paid interest on the first-named note up to a certain day, when the town made demand upon A.'s executor for payment of the note. Subsequently, two of A.'s heirs, one of whom was the executor, gave to the town their promissory note for the amount of the first-named note, and took from the town treasurer a certificate that it was "given as a guaranty or indemnity" to the town for the first-named note, "which last-named note has been left with" the executor's attorney "for collection," with a stipulation that the makers of the new note were to indemnify the town against the expenses of collection. The town afterwards brought an action on the first-named note against B. and C. The defendants offered to show, by C., that he had paid to A.'s daughter his one half of the note which she received from A.'s executor; and also offered to show, by the plaintiff's treasurer, that he had told the defendants that the note in suit was paid by A.'s executor, and delivered up to him. The treasurer testified that the note in suit was paid him by the executor, and that he surrendered the note and gave up all claim to it. *Held*, that the evidence admitted and excluded showed no equitable defence to the action, within the St. of 1883, *c.* 223, § 14.

CONTRACT against Charles A. Wood and John F. Wood, co-partners under the firm name of Wood Brothers, as makers of a promissory note for $500, dated November 21, 1876, payable on demand to the plaintiff, signed by Francis Brigham, and by the defendants in their firm name. Upon the back of the note were indorsements of interest paid each year from December 1, 1876, to July 1, 1883, inclusive. Writ dated October 8, 1883. Answer

1. A general denial.   2. A denial that the plaintiff is the holdei or owner of the note.   3. Payment by Francis Brigham, the maker of the note.   4. Payment by the defendants.   5. That the note is owned by the executor of Francis Brigham, and that he has received payment of the note in full from Laura S. Wood, in behalf of the defendants.

Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions in substance as follows :

It appeared at the trial that the note sued on was made by Francis Brigham, who held at the time a note of equal amount, signed by the defendants individually, given September 27, 1876, as an offset or protection for a note of $500 made by Francis Brigham to one George Q. Sawyer, of the same date, for the defendants' use ; and that the money which the defendants received on the note in suit was by them paid to Sawyer.   After this, Brigham held said note signed by the defendants, individually, as an offset or protection for his liability upon the note in suit. There was no other consideration for the note sued on between Brigham and the defendants.   Brigham delivered the note sued on, bearing his signature, to the defendants, who, without his knowledge, at the request of the plaintiff, and to conform to the plaintiff's rules, indorsed it before delivery, and received from the plaintiff the money thereon.   The defendants paid the interest as expressed by the indorsements on the note in suit.

Francis Brigham died on December 7, 1880, and his son, Rufus H. Brigham, was appointed executor of his will on November 1, 1881.   Laura S. Wood, a daughter of Francis Brigham, was the wife of the defendant Charles A. Wood.   In settlement with the executor for her share of her father's estate, she made and signed with her three brothers an agreement, by which the brothers released and quitclaimed to her all their interest as heirs at law of Francis Brigham in certain real estate, and " also all notes held by the late Francis Brigham against Charles A. Wood ; " and she, " in consideration of the above," released and quitclaimed to her brothers all her interest in the estate of her father, real and personal.   In execution of this agreement, the executor, in the latter part of June, 1883, delivered to her the note signed by the defendants individually, which was taken and received by her as a part of her share of said

estate. No payments had been indorsed on this note, and it was not witnessed. The defendants thereupon paid to the plaintiff interest upon the note in suit up to July 1, 1883, and the plaintiff made demand upon the executor for payment of said note. The executor saw the defendants, and asked what that demand meant, and was told that the settlement with Laura S. Wood settled the whole matter. The executor consulted counsel, and, with his counsel, saw the plaintiff's treasurer. On October 6, 1883, the executor, with his brother, Wilbur F. Brigham, gave their individual note to the plaintiff for $500, dated October 6, 1883, payable on demand, with interest payable semiannually, and said executor took from Samuel Clark, treasurer of the plaintiff town, a certificate of that date, signed by him, as follows: " This certifies that the note for $500 signed by Rufus H. Brigham and Wilbur F. Brigham, of Hudson, of this date, payable on demand, with interest semiannually, to the inhabitants of the town of Northborough, or order, is given as a guaranty or indemnity to the said inhabitants for a note of the same amount given by Francis Brigham and Wood Brothers, dated November 21, 1876, payable to said inhabitants on demand, which last-named note has been left with James T. Joslin of Hudson for collection. And it is understood that the inhabitants of the town of Northborough shall be indemnified against any costs or expense in the collection of said note by said Rufus H. Brigham and Wilbur F. Brigham." This certificate was drawn by the counsel of the executor, said Joslin. This action was thereupon begun.

It also appeared that the defendants notified Edmund M. Stowe, who was special administrator of the estate of Francis Brigham, pending a controversy over his will, that said note signed by them individually, and held by Francis Brigham, was held by him as an offset to his liability upon the note to the plaintiff; and that, so long as interest was paid by the defendants on the latter note, no interest was to be collected on said note held by Francis Brigham, and, if the note to the plaintiff was paid by the defendants, said other note was to be surrendered to them. It appeared that said executor had paid interest regularly upon the note given by him and his brother to the plaintiff.

The defendants offered to show, by John F. Wood, that he had paid to Laura S. Wood his one half of said note which

she received from said executor; but the judge excluded the evidence.

The defendants also offered to show, by Samuel Clark, treasurer of the plaintiff, that he had told them that the note in suit was paid by said executor, and delivered up to him ; but the judge excluded the evidence. Clark testified, as a witness for the defendants, that the note in suit was paid to him by said executor, that he surrendered said note, and gave up all claim upon it.

Upon this evidence, the judge ruled that the defendants could not maintain their defence; and directed a verdict for the plaintiff for the amount of the note sued on, with interest from July 1, 1883. The defendants alleged exceptions.

*S. Hoar*, for the defendants. 1. The St. of 1883, *c.* 223, § 14, entitles a defendant in an action at law " to allege as a defence any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action." When the Legislature first permitted specific equitable defences, as, for instance, in the Rev. Sts. *c.* 96, § 11, (which is now incorporated in Pub. Sts. *c.* 168, § 11,) the court gave a full and broad construction to the statutory provision, and allowed the defendant to show, outside of the record, that a person other than the nominal plaintiff was the real plaintiff, and to avail himself of a set-off against him. *Sheldon* v. *Kendall*, 7 Cush. 217. The same doctrine is applicable to the St. of 1883, *c.* 223, § 14. *Lee* v. *Zagury*, 8 Taunt. 114.

2. It was competent in the case at bar for the jury to find that the executor was the real party plaintiff. There was evidence on this point, and it should have been submitted to the jury. As the executor of Francis Brigham has received payment of the collateral note from Laura S. Wood on behalf of the defendants, he is bound in equity and good conscience to apply that fund to the note in suit, and thus relieve the defendants therefrom. He received the fund upon that trust, and in equity the defendants are entitled to be absolutely and unconditionally relieved from his claim upon them for a repayment, whether that claim is a direct or an indirect one.

As the note of the defendants to Francis Brigham was given as collateral security for his liability to the plaintiff town, and

was held by him and his estate as such, the realization upon the security by his executor was, so far as his estate was concerned, a payment to him of the principal debt. *Hunt* v. *Nevers,* 15 Pick. 500.

3. If the town is the real plaintiff, it has admitted in court that the note is paid, and this admission is at least evidence against it, and to that extent a defence, unless it has parted with its title to the note before the admission, in which case it cannot admit away the title of its assignee; but if the Brigham estate is the assignee of the note, and is the real plaintiff, the proof of payment is plenary against it.

The certificate signed by the treasurer does not show that the collection was to be by suit against the Woods alone, nor against them at all. It was competent for the defendants to show, and evidence was introduced tending to prove, that the plaintiff discharged the defendants, and that the collection was intended to be made by a suit against the estate of Francis Brigham. But the presiding judge ruled that the defendants could not go to the jury on that question. *Foster* v. *Dawber,* 6 Exch. 839.

The testimony of Clark, and his declarations which were offered in evidence, do not contradict, alter, enlarge, or vary the written certificate of October 6, 1883, because he had the right to treat the transaction as a payment so far as the Woods were concerned, to take an indemnity, and to allow Mr. Joslin to bring suit against the estate of Francis Brigham, if that were a matter of convenience in the settlement of that estate.

The defendants should have been allowed to prove the declarations of Clark to them, because, having been thereby led to pay the note which was held by Francis Brigham's estate, the plaintiff cannot now say that that statement was not true, and that they were not thereby discharged. See language of Lord Denman in *Pickard* v. *Sears,* 6 A. & E. 469, 474; *Platt* v. *Squire,* 12 Met. 494; *May* v. *Gates,* 137 Mass. 389.

As a part of the same transaction the defendants should have been permitted to show the payment by John F. Wood of his part of the collateral note.

4. The defendants' name not being on the note in suit when it was first presented to the plaintiff, the plaintiff must have

known that, whatever was the agreement or understanding between Francis Brigham and the defendants, it was no part of that agreement or understanding that the defendants should become liable to the plaintiff, in any capacity, on said note; on the contrary, it must have known that, whatever the relations of said parties, it was the understanding that Francis Brigham should be the principal and sole debtor. Therefore, when the defendants' name was put upon said note, at the request of the treasurer and without the knowledge of Francis Brigham, the plaintiff knew that it was still the intention of the parties that Francis Brigham should be the principal debtor, and that the defendants' name was put thereon for further security to them, to conform to their rules, and not to relieve Brigham of any part of his liability as maker of said note.

Nothing subsequently occurred to change the relations of the defendants and Francis Brigham to said note, or to lead the plaintiff to suppose that said relations had changed; on the contrary, the fact that the defendants paid interest up to July 1, directly after their note was delivered up to Laura S. Wood, and that the plaintiff thereupon demanded payment from the executor of Francis Brigham's estate, all go to show that the plaintiff ought to have known, and in fact did know, that the defendants' original liability to Francis Brigham's estate, on account of said note, if any, had entirely ceased.

5. It is now well settled that, as the right of a surety does not depend on the contract, but upon the equities arising out of the circumstances of the case, the creditor is affected by the knowledge of the true relations of the debtors, acquired at any time before he does any act which alters the position of the surety, and that, in this Commonwealth, the surety may avail himself of this equity in defence of an action at law. *Guild* v. *Butler*, 127 Mass. 386, and cases cited. The defendants, therefore, ought to have been allowed to go to the jury on the question of whether they were sureties, and whether the plaintiff knew this fact.

6. It is also well settled that, if a creditor tells a surety that the debt is paid, when, in fact, it is not, and, in consequence thereof, the surety suffers injury, the surety is thereby discharged, even though the creditor is honestly mistaken in the

statement which he makes.    *Baker* v. *Briggs*, 8 Pick. 122.
*Harris* v. *Brooks*, 21 Pick. 195.    *Carpenter* v. *King*, 9 Met. 511.

*J. T. Joslin*, for the plaintiff.

HOLMES, J.   The defendants received the money for the note
in suit.   Francis Brigham received nothing, either from the de-
fendants or from the plaintiff, except that he held a note of the
defendants "as an offset or protection for his liability."   There
can be no pretence that the defendants were sureties of Brigham.
*Harris* v. *Brooks*, 21 Pick. 195.   But if we granted that they
were sureties, and that sureties might be discharged on some
principle of estoppel more readily than a principal debtor, *Car-
penter* v. *King*, 9 Met. 511, *Bragg* v. *Danielson*, 141 Mass. 195,
*Harris* v. *Brooks*, *ubi supra*, the evidence offered did not go far
enough to make out such a case.   It was merely that one of the
defendants had paid one half of the note held by Francis Brig-
ham for his protection, and that the plaintiff's treasurer had told
the defendants that the note in suit was paid.   There was no
offer to connect the two facts.   It does not even appear that the
defendant did not pay before the statement was made.

Brigham having died, two of his sons, one of whom was his
executor, gave the plaintiff their note for $500, and took from
the town treasurer a certificate that it was "given as a guaranty
or indemnity" to the town for the note in suit, "which last
named note has been left with James T. Joslin," (the executor's
attorney,) "for collection," with a stipulation that the two sons
were to indemnify the town against the expenses of collection.
Under the circumstances, this plainly imported that the old
note was to be put in suit against the defendants, and that the
note signed by Brigham's sons was only given as security.   And
the bargain having been reduced to writing when it was made,
the treasurer's certificate could not be overridden by his testi-
mony that the note in suit was paid by the executor, and sur-
rendered to him, it being plain, and having been assumed in
argument, that the testimony was simply a version of this
same transaction.

In view of the last-mentioned fact, it is improbable that the
testimony was intended to qualify or contradict the certificate,
or that it really meant anything more than that the executor of
Francis Brigham, by reason of the original and collateral notes,

was the person practically most interested in the present suit. At all events, we see no ground for the suggestion that the executor of Brigham is the real plaintiff in a legal sense, or for doubting that the town remained the equitable, as well as the legal, owner of the note declared on. This being so, (even if the necessary parties were before the court,) the equities between the executor and the defendants cannot be considered in this case. *Exceptions overruled.*