98  531
f101  59

## INHABITANTS OF FREEMAN *vs.* BENJAMIN DODGE.

### Franklin.   Opinion April 7, 1904.

*Contracts,* consideration. Moral obligations. *Pauper,* Son's contingent liability for mother's support. *Pleading,* variance. *Exceptions,* to harmless ruling.
*R. S. 1903, c. 27, § 18.*

1. The contingent statutory liability which a son is under to reimburse the town of his mother's pauper settlement for pauper supplies furnished to her, is not a sufficient consideration for his promise to the town to pay the same.

2. Nor is his moral obligation a sufficient consideration.

3. Where in such case the town relied upon the promise and omitted to prosecute its statutory claims for reimbursement within the time limited by statute, the promisor is not estopped to deny liability.

4. The defendant's mother, having her pauper settlement in the town of Freeman fell into distress in the town of Strong, where she was supplied by one Walker, who sued Strong for reimbursement. The town of Freeman assumed the defense of that suit and after judgment against Strong paid the judgment. In the declaration in the present suit it was alleged that the defendant promised " to reimburse the plaintiff town for such judgment debt and damage and costs as the plaintiff town might incur by

assuming the defense " of the action of Walker against Strong, and in support of this allegation, the plaintiff relied in part upon a letter written by the defendant to one of the selectmen of the plaintiff town before the Walker suit was brought, in which he said,—"I just received word that my mother had been thrown on the town. If you will keep the expenses as low as possible, I will pay the bill." *Held;* that the promise proved by the letter was entirely collateral to the promise alleged in the writ, that the letter does not support the allegation; and that it is immaterial in this action whether the promise contained in the letter was founded upon a sufficient consideration, or not.

5. Exceptions to a harmless ruling upon an immaterial proposition, even if it was erroneous, cannot be sustained. In this case, however, the ruling was correct.

Exceptions by plaintiff.   Overruled.

This was an action of assumpsit upon an alleged promise by the defendant to reimburse the plaintiff town for such judgment debt and damage and costs, as the plaintiff town might incur in assuming the defense of an action by one Walker against the town of Strong for supplies furnished one Dorcas Dodge, the mother of the defendant, who had fallen into distress in the town of Strong.   There was evidence tending to show the following facts:

The said pauper, Dorcas Dodge, had a pauper settlement in the town of Freeman, where she generally lived with her son, the defendant, when not visiting her other children.   In the spring of 1901, while visiting her daughter in Strong, she fell into distress and was supplied by one Walker, who called upon the town of Strong for reimbursement.   At this time the defendant was absent in Massachusetts, but, hearing from his family that his mother had been thrown upon the town of Strong, wrote to one of the selectmen of the town of Freeman, Mr. Burbank, the following letter, dated May 6, 1901 : "I just received word that my mother had been thrown on the town.   If you will keep the expenses as low as possible I will pay the bill.   As soon as I get home I will see you."   On arrival home he made an effort to have his mother removed from Strong to Freeman, but objections being made by the Walkers with whom she was staying, no removal was made.   Walker brought an action against Strong, of which the overseers of the poor of Freeman assumed the defense, and the case was tried at the May term, 1902,

and resulted in a judgment against Strong for the sum of $74.20 debt or damage, and $36.11 costs of suit, which judgment the town of Freeman paid. The town of Freeman also paid for counsel fees and witnesses in the defense of the suit $89.03.

The town introduced evidence tending to show that in February, 1902, the defendant told one of the selectmen and overseers of the poor of the town of Freeman that if they would go ahead and defend the suit of Walker vs. Strong on account of his mother, he would pay all the bills and expenses. There was also evidence to the contrary.

The presiding justice instructed the jury that the promise contained in the letter, if any, was without consideration and that in this action nothing could be recovered from the defendant Dodge for any sum actually paid for supplies furnished his mother. The presiding justice also instructed the jury that if the defendant Dodge requested one of the overseers of the poor to assume the defense of the action of Walker vs. Strong, and promised to reimburse the town of Freeman for all costs and expenses incurred therein, and the overseers of the poor of Freeman did upon the strength of that request and promise defend the suit, then the town of Freeman could recover the amount of the costs in that suit, and also the expenses incurred by Freeman in defending the action, and he submitted to the jury the question, whether or not the defendant made the request and promise in February, 1902, as alleged. Upon this issue the jury found for the defendant, and returned a general verdict of did not promise.

To the ruling that the plaintiff could not recover in this action under the evidence for the supplies furnished Dorcas, or what it paid Strong for those supplies, the plaintiff excepted.

*F. W. Butler,* for plaintiff.

By R. S. (1903), c. 27, § 18, the defendant if of sufficient ability was liable to contribute for the support of his mother, but that support could be recovered of him only for a period of six months prior to the petition to the court. The selectmen had his written promise that he would pay. The suit of Walker against Strong was pending and before that was tried the six months had elapsed so that there was no liability on the part of the defendant under the statute. The

town are injured by reason of the promise. Without that they could and would have made application to the court for an assessment against the defendant. By reason of the promise that proceeding was not begun, and it is wrong to allow the defendant to thus injure the town and then escape liability as he is attempting to do.

A benefit to one party or injury to the other is a sufficient consideration. *Mascolo* v. *Montesanto*, 61 Conn. 50, 29 Am. St. Rep. 170, and cases cited.

*Loomis* v. *Newhall*, 15 Pick. 159, overrules *Mills* v. *Wyman*, 3 Pick. 207 and *Cook* v. *Bradley*, 17 Conn. 57, 18 Am. Dec. 79, 82, as explained in *Kendall* v. *Kendall*, 7 Maine, 171.

*E. E. Richards*, for defendant.

The waiver of any legal right at the request of another party is a sufficient consideration for a promise. But the promise must have been accepted and acted upon. There must be the understanding between the parties, that the consideration for the promise is some waiver of a right or forbearance to enforce a claim on the part of the promise. *Benson* v. *Hitchcock, Admr.* 37 Vermont, 567.

The selectmen of Freeman waived no rights in consequence of the defendant's promise, and did nothing except that which by law they were legally bound to do. A promise to do that which one is already bound to do is not a consideration. *Pool* v. *Boston*, 5 Cush. 219; *Jennings* v. *Chase*, 10 Allen, 526; *Smith* v. *Bartholomew*, 1 Met. 276, 35 Am. Dec. 365; 3 Am. and Eng. Enc. Law, 1st ed. 834.

Plaintiffs denied all liability for the Walker claim and contested the suit. There is nothing to point to any reliance upon defendant's promise until long after the occurrences which gave rise to the suit Walker vs. Strong.

Even if it should be contended that there was an implied acceptance of the defendant's proposition the latter was not in terms in return for the waiver of any rights, or for any service or detriment, which the town was not already bound to assume. The defendant requested the selectmen to do only that which the laws of the State imposed upon them as their duty.

He asked no exemption from his liabilty to support as one of the pauper's kindred, under the statute, and no reference was made to it.

It was open to the plaintiffs to pursue the remedy provided by statute for contribution by kindred, and their failure so to do should not be attributed to defendant's promise made for another consideration, expressly stated.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

SAVAGE, J.    Assumpsit upon an alleged promise by the defendant to reimburse the plaintiff town for such judgment debt and damage and costs as the plaintiff might incur in assuming the defense of an action brought by one Walker against the town of Strong for supplies furnished the mother of the defendant, who had fallen into distress in Strong, but whose pauper settlement was in the plaintiff town.    Walker who furnished the supplies called upon the town of Strong for reimbursement.    At this juncture the defendant, hearing that his mother had been thrown upon the town of Strong, wrote to one of the selectmen of Freeman the following letter:—"I just received word that my mother had been thrown on the town.    If you will keep the expenses as low as possible I will pay the bill. As soon as I get home I will see you."    Walker brought an action for the supplies furnished against Strong.    Freeman assumed the defense.    The case was tried, resulting in a judgment against Strong, which judgment Freeman paid.    Freeman now claims to recover of the defendant the amount of that judgment.

The plaintiff claimed that the defendant told one of the selectmen and overseers of the poor of the plaintiff town that "if they would go ahead and defend the suit of Walker v. Strong on account of his mother, he would pay all the bills and expenses."    This was denied by the defendant.    Upon this issue the jury found for the defendant.

The plaintiff also relied upon the promise contained in the above mentioned letter.    But the presiding justice instructed the jury that the promise contained in the letter, if any, was without consideration and that in this action nothing could be recovered from the defendant for any sum actually paid for the supplies furnished his mother,

and the correctness of this ruling is the only question presented by the exceptions.

It should be noticed that while the plaintiff in argument claims that a portion of the supplies were furnished after the letter from the defendant was written and received, the bill of exceptions does not disclose that fact, if it be a fact. We cannot travel out of the case, but must take the bill of exceptions as it reads. The bill states that "in the spring of 1901, while visiting her daughter in Strong, the defendant's mother fell into distress and was supplied by one Walker, who called upon the town of Strong for reimbursement." The bill then details the writing of the letter, which was dated May 6, 1901, but it nowhere states, even by implication, that any supplies were furnished afterwards by Walker, or Strong or Freeman. Assuming that it was a material fact, it was incumbent upon the excepting party to state the fact in its bill of exceptions. In the absence of any such statement we must treat the case as if the fact did not exist.

That the defendant was under a moral obligation to pay expenses already incurred in relieving his mother from distress may be taken as true. That he was under a contingent or conditional statutory liability to reimburse the plaintiff for expenses incurred for the relief of his pauperized mother is also true. R. S. 1903, ch. 27, § 18. A mere moral obligation, or as it is sometimes rather loosely stated, a moral obligation not founded upon an antecedent legal liability,— (see *Farnham* v. *O'Brien*, 22 Maine, 475) is not sufficient consideration for a promise. The following cases, somewhat analogous to the one at bar, support this doctrine, *Mills* v. *Wyman*, 3 Pick. 207; *Loomis* v. *Newhall*, 15 Pick. 159; *Dodge* v. *Adams*, 19 Pick. 429; *Cook* v. *Bradley*, 7 Conn. 57, 18 Am. Dec. 79; *Kendall* v. *Kendall*, 7 Maine, 171. See also 6 Am. & Eng. Ency. of Law 2nd ed. p. 679. The defendant's moral obligation therefore was not a sufficient consideration for his promise.

And if the existence of a fixed statutory liability be a sufficient consideration for a promise, as is assumed in some of the cases above cited, we think any liability which existed in this case was too remote and contingent to furnish a sufficient consideration. This case must

be distinguished from those based upon promises made in considera-
tion of the compromise of claims of doubtful liability.    Here the
liability was created by statute, and by statute alone.    It appears
that the plaintiff town at the time of the promise had not paid the
expense incurred.    It had become only contingently liable to pay.
Its liability depended upon proof that the pauper's settlement was
in the plaintiff town, that the pauper had fallen into distress, that
the supplies furnished were pauper supplies, and that legal notice
should be given, none of which questions had then been adjudicated.
Or, if the plaintiff town was liable and had admitted its liability by
paying the expenses, the defendant's liability to the town would be
contingent upon proof of his being of sufficient ability to pay.    Here
then is one contingency dependent upon another contingency, and
the defendant's liability dependent upon both.

We think a reasonable rule is the one declared in *Mills* v. *Wyman*,
supra.    There it was sought to found a sufficient consideration for
the promise of a father to pay expenses already incurred for the
relief of his son on the ground of a statutory obligation compelling
lineal kindred to support such of their poor relations as are likely to
become chargeable to the town of their settlement.    The court
said: — "It is a sufficient answer to this position, that such legal
obligation does not exist except in the very cases provided for in the
statute, and never until the party charged has been adjudged to be of
sufficient ability thereto."    .    .    .    And after mentioning the vari-
ous contingencies to which the liability was subject, the court
added: — "The legal liability does not arise until these facts have all
been ascertained by judgment, after hearing the party intended to be
charged."    While the Massachusetts statute referred to in *Mills* v.
*Wyman* differs from our own statute which we have cited, in this,
that it relates to future support rather than repayment of expenses
already incurred, the contingent character of the liability is the same
in both cases.    And we can see no reason why the rule declared in
*Mills* v. *Wyman* is not applicable in this case.

It is said that the town relying upon the promise omitted to prose-
cute its statutory claim against the defendant within the time limited,
and that the defendant is now estopped to deny liability.    But this

can make no difference. One who relies upon a naked promise does so at his peril. *Bragg* v. *Danielson*, 141 Mass. 195.

But there is another and fundamental difficulty with these exceptions. The letter concerning the effect of which the present controversy has arisen, does not appear to have been material to the issue of liability raised by the pleadings. It was entirely collateral to the promise declared on in the writ. The promise alleged in the writ, as appears by the bill of exceptions, was to reimburse the town for such judgment debt and damage and costs as the town might incur in assuming the defense of the action of Walker v. Strong for supplies furnished defendant's mother. The promise in the letter was "to pay the bill" of expenses incurred in the relief of the defendant's mother. Although the promise alleged and the promise proved may both relate to the same subject matter, they are essentially distinct. One is a promise to pay a judgment which may (or may not) be recovered. The other is a promise to pay a bill incurred, and already incurred so far as the case shows. The former assumes a pending action, and contemplated defense, with a possible judgment for debt and costs. It is the payment of this final judgment which it is alleged that the defendant promised to reimburse the plaintiff town. The letter does not support the allegation. It proves another and distinct promise. It is irrelevant to the promise alleged. Whether the promise contained in the letter was founded upon a sufficient consideration is entirely immaterial.

The ruling of the court was upon an immaterial proposition, and was harmless, even if it had been wrong. For this reason also the exceptions must be overruled. *Neal* v. *Paine*, 35 Maine, 158; *Hardy* v. *Colby*, 42 Maine, 381; *Witherell* v. *Maine Ins. Co.*, 49 Maine, 200.

*Exceptions overruled.*