### Globe Brewing Company v. Anton Simon.

#### Gen. No. 13,168.

1. LEASE—*effect of offer to renew.* A voluntary offer to renew a lease, not acted upon before withdrawal, confers no right upon the tenant to continue his possession.

2. LEASE—*how offer to renew, construed.* A written offer to renew a lease is to be construed by the court.

3. REVOCATION—*right of, with respect to offer to renew lease.* A party making a voluntary offer to renew a loan may revoke the offer at any time before it is acted upon.

Forcible detainer proceeding. Appeal from the Circuit Court

of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded with directions. Opinion filed April 4, 1907.

RUBENS, FISCHER & MOSSER, for appellant.

HOLLETT, SAUTER & HENKEL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of forcible detainer for the recovery of the possession of certain premises in the city of Chicago, numbered 2557 and 2559 LaSalle street, described in the complaint by their lot numbers. A trial in the Circuit Court on an appeal prosecuted by appellant from an adverse judgment of a justice of the peace resulted in another judgment in favor of appellee, to reverse which latter judgment this appeal is prosecuted.

In this opinion we shall have regard only to the tenth assignment of error, as it is conclusive of the rights of the parties. Said assignment is as follows:

"Said Circuit Court erred in not marking 'given' and in not giving to the jury, and in marking 'refused' and in refusing to give to the jury the following written instruction on behalf of the plaintiff:

'The court instructs the jury to find the possession to lots twenty-five (25) and twenty-six (26) of Gerrish's subdivision of the northeast quarter (N. E. ¼) of section twenty-eight (28), township thirty-nine (39) north, range fourteen (14) east of the third principal meridian, to be in the plaintiff.' "

Appellee was tenant of Frederick F. Ayer under a written lease for one year expiring February 28, 1906. On February 8, 1906, Mead & Coe, agents for Ayer, wrote appellee the following letter:

"We would advise you that the owners of the property, lots 25 and 26, block 3, Gerrish's subdivision, are now ready to make leases for the coming year. We are instructed to renew at the slight increase of $5.00

per quarter, making your rent $120 per annum instead of $100, the present figure on lot 25, and lot 26 remains at last year's figure. The leases are at our offices awaiting your signature.''

Appellee not making any response to this letter up to February 17, 1906, Mead & Coe on the latter date sent appellee the following notice:

"Having given you sufficient time to come in and sign leases, the offer contained in our letter of February 8th is hereby withdrawn.''

Thereupon, and on the 19th day of February, 1906, the agents of Ayer made and delivered to appellant a lease of the premises for one year commencing the day after the conclusion of appellee's term, viz: March 1, 1906. Under this lease appellant grounds his right to possession. On February 22, 1906, appellant gave to appellee the following notice:

"We have taken a lease of the ground you now occupy at 26th and LaSalle streets, and if you wish to remain, then please call at our office and make arrangements on Friday morning, February 23d, sure.''

Appellee did not comply with the last notice, but on the 20th of February, 1906, presented himself at the office of Mead & Coe and offered to sign a lease for another year on the terms stated in the offer previously withdrawn. He was informed not only that he was too late, but of the fact that a lease had been made to appellant. It is clear that whatever possessory right appellee had was circumscribed within the covenants of his lease, unless some additional right springs from the voluntary offer to grant a new lease for an additional year contained in the letter of the agents of the landlord to appellee of February 8, 1906. The evidence does not disclose any negotiations between the parties for a new lease, or any intimation from appellee that he contemplated or desired a renewal of his tenancy prior to his attendance on February 20, 1906, at the agents' office, that date being subsequent to the time the lease to appellant had been con-

Globe Brewing Co. v. Simon.

cluded.   There being no consideration for the offer
to renew, and no action on the part of appellee in
faith of anything contained in such offer, working to
his detriment, prior to the withdrawal of the offer, no
right can be predicated upon it. . It was an offer to
renew without consideration, voluntarily made, and
was subject to be withdrawn by the voluntary action
of the party making it.

As said in Bragg v. Danielson, 141 Mass. 195: ''It
is said the defendant relied upon the plaintiff's
promise.   Dixon v. Adams, Cro. Eliz. 539.   But the
very meaning of the requirement of consideration for
a promise or other parol agreement is, that if that
element is wanting, the party relies on the agreement
at his peril.   The fact that he suffers substantial
damage by so doing does  not render a void contract
valid.''   The withdrawal of the offer restored the
parties to the same relative positions they occupied
before the offer was made.

What appellee might have believed, or what con-
struction he may have placed upon the terms of the
offer, or the conclusions he may have arrived at in re-
lation to its effect, or how he may have acted in reli-
ance upon his own interpretation of its effect, is all
beside the question here.   The writing is before the
court.   Its legal import is a question of law for the
court, and not one of fact for the jury.  Such inter-
pretation is not to be reached by ascertaining what ap-
pellee may have believed was its import, but what was
the reasonable and rational import of the language
used.   Larmon v. Jordan, 56 Ill. 204.

It is patent that the term under the existing lease
was nearly ended.   In this situation a failure on the
part of appellee to act promptly was a risk he assumed
and from the effect of which the law affords no relief.
The offer having been revoked before its acceptance,
and subsequent actions in relation to the premises by
the parties making the offer being inconsistent with a
willingness to continue the offer, that harmony of in-

tention so essential to an agreement was destroyed, so that the presumption that the *aggregatio mentium* necessary to a contract occurred, does not arise.

In Utley v. Donaldson, 94 U. S. 29, the court say (on pg. 49): "Conceding that both parties here have acted in good faith, it is clear that there was a misunderstanding between them as to the meaning and effect of the letter, and that the plaintiffs never understood or agreed to it as it is now interpreted and insisted upon by the defendants. The *aggregatio mentium* requisite to give that interpretation effect was, therefore, wanting."

The reasoning here is peculiarly pertinent to the present contention of appellee that the offer was in legal effect a contract for a lease, while the lessor's agents neither so intended nor understood the offer as susceptible to such an interpretation.

The undisputed fact appears in this record that the offer made to renew appellee's lease for one year was withdrawn before an acceptance by appellee; therefore the legal rights of the parties must be adjudged by eliminating the offer from our consideration. The offer, having been withdrawn before appellee acquired any rights thereunder, cannot become a factor of any weight in the conclusions here to be reached.

The talks of appellee with agent Mead were of no binding force; neither did they convey any legal rights or impose any obligations, and this is made quite plain from the fact that the parties assumedly evidenced the agreement embodied in their conversations by their contract under seal, viz: the lease to appellee for one year, to which contract the rights and privileges of appellee are limited. It is elementary that contracts cannot rest partly in parol and partly in writing, and that all conversations and parol agreements, followed by the execution of an instrument under seal between the parties, are merged in the sealed instrument and cannot be invoked in opposition to it.

The letter of February 8, 1906, is not susceptible of the construction urged by appellee as being a contract for a lease. It is an offer to enter into a lease only upon certain terms, the lease itself being said to be ready for execution on acceptance of the offer within a reasonable time. Revocation within a reasonable time, without acceptance, was effectual only to restore the parties to the positions they occupied prior to the time the offer was made. Under the proofs appellee's right of possession terminated on February 28, 1906, since which time he unlawfully withholds the possession.

The peremptory instruction to the jury to find for appellant, requested by it at the conclusion of the evidence, should have been given. A failure so to do was error, for which error the judgment of the Circuit Court is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

