James J. Spillane *vs.* John Yarnalowicz.

Plymouth.   March 4, 1925. — April 17, 1925.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Contract*, Consideration.   *Equity Jurisdiction.*

A covenant by a mortgagor of real estate to keep the premises insured for the benefit of the mortgagee does not run with the land, and a grantee of the mortgagor who does not assume and agree to become bound by the covenants of the mortgage is not bound, in the absence of a further contract with the mortgagee, to perform such a covenant.

If a mortgagee of real estate, when the mortgage is overdue, learning that insurance against loss by fire, placed on the real estate for his benefit by the mortgagor, has expired, himself insures the premises for his own benefit and then, interviewing one to whom the mortgagor had conveyed his equity without the grantee's assuming and agreeing to be bound by the covenants in the mortgage, is told that such grantee has placed insurance upon the property but has not made it payable to

the mortgagee as his interest might appear and informs the grantee that his, the mortgagee's, name should be inserted in the policy, and, upon the grantee's promising to place the mortgagee's name in the policy, cancels the policy which he has placed for his own benefit, and the premises then are destroyed by fire without the mortgagee's name having been inserted in the grantee's policy, the mortgagee cannot maintain a suit in equity against the grantee of the mortgagor to establish an equitable lien upon the proceeds of the grantee's insurance, since it does not appear that the grantee's promise to have the mortgagee's name placed in the policy was given for any consideration or promise by the mortgagee to him.

BILL IN EQUITY, filed in the Superior Court on August 10, 1923, and afterwards amended, seeking to establish an equitable lien upon the proceeds of a policy of insurance against loss by fire covering a house and garage owned by the defendant subject to a mortgage to the plaintiff.

In the Superior Court, the suit was heard by *Macleod,* J. Material facts found and rulings of law made by the judge are described in the opinion. A final decree was entered dismissing the bill "with costs taxed in favor of the defendant." The plaintiff appealed.

The case was submitted on briefs.

*J. P. Barlow & E. J. Barry,* for the plaintiff.

*J. W. Murdock,* for the defendant.

CROSBY, J. This is a suit in equity to establish what is termed an equitable lien, upon the proceeds of a fire insurance policy covering a house and garage on real estate owned by the defendant, subject to a mortgage to the plaintiff. The case is before this court on a report by a judge of the Superior Court.

The facts as found by the judge are substantially as follows: The plaintiff was formerly the owner of the buildings insured and the parcel of land on which they stood. By deed dated September 5, 1919, he conveyed the real estate to one Stedman and at the same time received a mortgage thereon for $1,500 containing the usual covenants, including one on the part of the mortgagor to keep the buildings insured against fire in the sum of $1,500. During the same year the mortgagor conveyed the equity of redemption to one Milauskas, and the latter, on August 25, 1921, conveyed

the equity of redemption to one Chesnuliewicz. By the terms of the last conveyance the grantee took the property subject to the plaintiff's mortgage, but the deed contained no covenant on the part of the grantee to assume and pay the mortgage debt. Chesnuliewicz had no financial or real interest in the property; the purchase price and subsequent payments of interest on the mortgage being paid by the defendant who was the real owner, subject to the mortgage. Milauskas had insured the property for the benefit of the plaintiff as mortgagee, but the insurance expired in September, 1921, a few weeks after the property was purchased by the defendant. When this became known to the plaintiff he had the buildings insured for $2,000 to protect his interest. Shortly thereafter, in January, 1922, he saw the defendant and inquired of him whether he had placed any insurance on the property. On being informed that the defendant had done so, he asked for and was shown the policy which was for $3,600 and was taken out on October 15, 1921, in the name of Chesnuliewicz, above referred to. The plaintiff then asked the defendant why his (the plaintiff's) name had been omitted from the policy, to which the defendant replied, "I don't know. Isn't it all right?" The plaintiff answered, "No, not until my name is on it. When you go to Boston you must get my name on the paper." Whereupon the defendant replied "All right." It further appears that, immediately after the above interview, the plaintiff cancelled the policy which he had taken out in his own behalf. The agreement on the part of the defendant to have the policy made payable to the plaintiff was never carried out. The judge further found that the mortgage debt at the time of the above interview was overdue; that the last interest payment had been made by the defendant under threat of foreclosure proceedings by the plaintiff; that in the interval between the above interview and the date of the fire "the plaintiff made no inquiry of the defendant as to whether the latter had carried out his agreement to insert the plaintiff's name in the policy."

It is plain from the foregoing findings that the defendant had procured a policy of insurance in the name of Chesnul-

iewicz, who represented him, the defendant in fact being the real owner of the property; that the defendant expressly promised the plaintiff to have the policy made payable to him, but failed to do so. It is also apparent that the plaintiff, by cancelling the policy he had procured in his own name immediately after the defendant promised to have the policy held by him made payable to the plaintiff, relied upon the promise so made. The presiding judge rightly ruled that the covenant to insure on the part of the original mortgagor did not run with the land. *Wilson* v. *Hill,* 3 Met. 66, 69. *Swaine* v. *Teutonia Fire Ins. Co.* 222 Mass. 108, 110. *Columbia Ins. Co. of Alexandria* v. *Lawrence,* 10 Pet. 507, 511. *Farmers' Loan & Trust Co.* v. *Penn Plate Glass Co.* 186 U. S. 434, 453. Neither the defendant nor Chesnuliewicz, who held the title for him, assumed the mortgage; the defendant was not bound by the terms of this mortgage to insure the property for the benefit of the mortgagee.

The question, then, is: Has the plaintiff an equitable lien on the amount due under the policy arising from the fire, by reason of the promise of the defendant to have the policy made payable to the plaintiff as mortgagee in case of loss? To enforce that promise, it must appear that it was made upon a sufficient consideration. So far as appears from the record, the promise was made without any consideration whatever. Although the mortgage debt was overdue and the last interest payment was in default at the time the promise was made, and it was paid under threat by the plaintiff of foreclosure proceedings, yet it does not appear either expressly or by implication that the plaintiff agreed to allow the defendant further time for payment of the amount due. There is nothing to show that there was any reference to an extension of time for payment or that such extension was in the mind of either party. The record fails to show that the plaintiff promised to forbear foreclosure. He is bound to show a valid consideration for the agreement of the defendant. Mere forbearance without an agreement to that effect is not sufficient consideration for the promise to pay the debt of another, although the forbearance was induced by the promise. *Mecorney* v. *Stanley,* 8 Cush. 85. An agreement,

however, to forbear and actual forbearance under such an agreement are sufficient consideration. *Robinson* v. *Gould,* 11 Cush. 55. *Manter* v. *Churchill,* 127 Mass. 31. Upon this record the plaintiff was under no obligation, legal or moral, to defer foreclosure proceedings; he had a right to institute such proceedings at any moment without violating any contractual duty owed to the defendant.

The decision in the case of *Providence County Bank* v. *Benson,* 24 Pick. 204, is plainly distinguishable in its facts from those in the case at bar. In that case there was an express agreement that insurance for the benefit of the owner would be obtained by a manufacturer upon wool delivered to his mill. The insurance was obtained in the name of the manufacturer but with the intention of performing the agreement. It was held that the owner had an equitable interest in the policy and that after loss by fire he could hold the avails against an attaching creditor of the person in whose name the policy was issued; and that the agreement to insure was a part of the original written contract between the parties for the sale of the wool. *Stearns* v. *Quincy Mutual Fire Ins. Co.* 124 Mass. 61.

The final decree dismissing the bill is to be modified by embodying therein the amount of costs which the defendant is entitled to recover, and as so modified is affirmed.

*Ordered accordingly.*