No. 451394

## MORTIMER C. BUDLONG
v.
## AMERICAN POLICYHOLDERS' INSURANCE COMPANY

(June 21 — October 29, 1957)

*Present:* ADLOW, C. J., BARRON AND HOAG, JJ.

Case tried to TOMASELLO, J., in the Municipal Court of the City of Boston.

*Hoag, J.* This is an action of contract or tort in which the plaintiff seeks to recover the sum of $138.27, represented as the amount of the damage to the car of the plaintiff by one MacMillen.

*There was evidence to the effect that* there was a motor vehicle accident between the plaintiff's son, who was operator of the plaintiff's car and acting for the plaintiff and one MacMillen; that, at the request of the defendant, an insurance company, the plaintiff furnished the defendant an estimate of the damage and a statement of the accident; that thereafter at the request of one Rooney, an adjuster in the employ of the defendant, the plaintiff's son met an appraiser for the defendant at the garage which had made the estimate; that following the appraisal the plaintiff had the damage to his car repaired; that Rooney requested plaintiff to forward a release properly executed to the defendant; that plaintiff received an unexecuted release in the amount of $138.27 with a letter from the defendant stating "upon receipt of the release properly executed we will be pleased to forward you our draft in the above amount"; that the plaintiff executed and re-

turned the release; and that after receiving the executed release the defendant discovered that Mac-Millen did not have property damage coverage and so notified the defendant it "would be unable to pay the $138.27".

The parties appear to be in substantial agreement on the facts, and we are concerned with the validity of the plaintiff's contention that (1) the defendant is estopped to deny that it insured MacMillen against liability for property damage and (2) the defendant by its conduct has bound itself to pay for the damage suffered by the plaintiff.

We see no error in the refusal of the court to so rule. Assuming that the version of the plaintiff conforms entirely with the facts, there is lacking the elements essential to an estoppel. There is no evidence that the defendant's adjuster said anything to induce the plaintiff to repair the car. The repairs were neither ordered by the defendant nor suggested by it; and the value of the plaintiff's car was enhanced by the repairs. In the case at bar there was no real change of position. Estoppel can result only from words or conduct which induce another to change his position to his harm and which to a reasonable person ought to have seemed likely to produce the result. Re *Humphrey's Case; 227* Mass. 166; *Tyler v. Odd Fellow's Mut. Relief Assoc.,* 145 Mass. 134; *Huntress v. Hanley;* 195 Mass. 236; *Cleveland v. Malden Sav. Bank,* 291 Mass. 295.

Equally untenable is the plaintiff's position that the defendant is bound to reimburse the plaintiff for his loss by reason of the alleged promise. There was no contractual relation whatsoever between the defendant and the plaintiff when the accident took place. Any agreement of insurance to accept the responsibility for the wrongful acts of MacMillen was not supported by any legal consideration as between the plaintiff and the defendant. Furthermore, there was no insurance agreement between the defendant

and MacMillen which covered the damage involved in this case. There is no evidence reported which would warrant a finding that the position of the plaintiff was changed or that he suffered any detriment in reliance on the promise of the defendant. The tender of the executed release conferred no advantage upon the defendant. The promise was without legal consideration and is unenforceable. *Bragg v. Danielson*, 141 Mass. 195; *Spillane v. Yarnalowicz*, 252 Mass. 168; *Lewis v. Chapin*, 263 Mass. 168.

*Report dismissed.*

Joseph F. Coughlin, of Boston for the Plaintiff, cited: *Cleveland v. Malden Sav. Bank*, 291 Mass. 295, 297-298, as to the essential of an estoppel, and *Klefbeck v. Dous*, 302 Mass. 383, 387 as to the time limit of an insurer's right to disclaim.

Philander S. Ratzkoff, of Boston for the Defendant, cited: *Vitale v. Russell*, 332 Mass. 523, 525, 526 as to the distinction between negotiations to effect an agreement and the making of a binding agreement, and *Stevens v. G. L. Rugo & Sons*, 209 F2d 135, 143; *Spillane v. Yarnalowicz*, 252 Mass. 168; *Bragg v. Danielson*, 141 Mass. 195, 196, 197; *C. v. Scituate Sav. Bank*, 137 Mass. 301, 302; *Davis v. German Am. Ins. Co.*, 135 Mass. 251, 256 as to promissory estoppel not being recognized in Mass.