MARY E. BRENNAN, administratrix, vs. EMPLOYERS LIABILITY
ASSURANCE CORPORATION, LIMITED.
SAME vs. L. P. SOULE AND SON COMPANY.

Suffolk.   November 19, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Contract*, What constitutes, Validity, Construction.   *Release.   Words,* "Make it
right."

Where a building contractor, in consideration of the signing and delivering by a
laborer to him of a release discharging him from all demands arising from cer-
tain personal injuries which the laborer had sustained because of negligence of
such contractor, agrees to pay to the laborer $300 and, if the laborer is not able to
resume work at the end of six weeks, to "make it right with" him, and the laborer
signs and delivers the release and receives the $300, a contract is made which is
not void for indefiniteness, and the words, "make it right," may be found to
mean that in the contingency named the laborer shall have fair compensation
for his injuries paid to him in money exceeding the $300 already paid to him.

TWO ACTIONS OF CONTRACT, the declaration in each case alleg-
ing that, in consideration of the plaintiff's intestate signing and
delivering to the defendant in the second action, who was a build-
ing contractor, a release of all demands against such defendant
arising out of personal injuries occurring through such defend-
ant's negligence, such defendant paid him $300 and agreed that,
if he was not so far recovered at the end of six weeks that he could
resume labor, "the defendant would make the plaintiff good to
the extent of his damages and injuries;" that the plaintiff's
intestate had not recovered sufficiently to resume work at the
end of six weeks, but that the defendant refused to pay him
more than the $300 already paid.   Writs dated October 22, 1908.

In the Superior Court the cases were tried together before
*Morton*, J.   It appeared that the defendant in the first action
insured the defendant in the second action under a policy of
casualty insurance; that the plaintiff's intestate, having been
injured through negligence of the defendant in the second action,
brought an action two days later against that defendant, and,
eight or nine days later, went to the office of the defendant in

the first action and had a conversation with one Linscott, its agent, as to which he afterwards testified in substance as follows:

"Mr. Linscott says to me, 'I will give you . . . . $200.' So I shook my head. I said, 'That will never pay my bills for the time I am laid up' — in my own mind. He says, 'I will give you three.' I says, 'I won't take it.' . . . I went back anyway again. I says, 'Will you make it any more?' He says, 'No.' 'Well,' I says, 'I won't take it.' 'Now,' he says, 'Brennan you are a poor man, and I will leave this open — this offer open for you for two weeks. . . . You come in. . . . But I won't be here; I am going away. I am going away and I will leave this offer open for you for two weeks. Come in and take it, . . . any time you have a mind to.' . . . 'Now,' he says, 'You will be all right in six weeks' time now' — that was about six weeks after the accident — 'so you are doing pretty well. . . . You get a hundred a month; that is more than you can earn; that is eleven or twelve dollars a week.' I says, 'What if I am not able to go to work then at the end of six weeks? I want to, to maintain my family.' 'Well, now,' he says, 'if you are not all right, come back and see me, but I am sure you will have no occasion, I will make it right with you; I will make it right with you, but I am sure you will have no occasion.'"

Four days later the plaintiff's intestate returned to the office of the defendant in the first action, received $300, signed and delivered a release discharging the defendant in the second action "from any and all claims, demands, actions and causes of action of every name and nature which I now have or might have upon or against said company, and especially from all claims arising out of any and all personal injuries, damages, expenses and any loss or damage whatsoever resulting or to result from" the accident in question "or which I may hereafter have from anything which has heretofore happened." That release was pleaded by the defendant in the action which already had been brought by the plaintiff's intestate, the action was tried and a verdict was ordered for the defendant.

Subsequently the plaintiff's intestate brought these two actions of contract; and, he having died, the administratrix of his estate was admitted to prosecute the actions in his stead.

The trial judge limited the plaintiff to testimony tending to

prove the contract declared on, and, at the close of the evidence, ruled in each case that the plaintiff could not recover, ordered verdicts for the respective defendants and reported the cases for determination by this court, judgments to be entered on the verdicts if the above ruling was right, and, if it was wrong, new trials to be ordered.

*John Wentworth,* (*J. P. Magenis & T. C. O'Brien* with him,) for the plaintiff.

*J. A. Lowell,* for the defendants.

HAMMOND, J.   Upon the evidence the jury properly might have found that by the understanding of Brennan, the plaintiff's intestate, and Linscott, the $300 was not the only consideration for the receipt, but that in a certain contingency, namely, Brennan's failure to recover fully within six weeks from the time of the settlement, then Linscott was to "make it right" with him; that he did not recover within the time named, and that each defendant is bound by the promise.

The jury might have found further that under the circumstances the words "make it right" meant that in the contingency named the plaintiff's intestate should have fair compensation paid to him in money for the injuries suffered by him by reason of the accident and that said compensation would exceed the three hundred dollars paid to him.   The promise is not void on the ground that it is too indefinite.   Juries are constantly solving such problems.   The case for the plaintiff is much stronger than that in *Silver* v. *Graves,* 210 Mass. 26.   See also *Noble* v. *Joseph Burnett Co.* 208 Mass. 75.   Under the terms of the report there must be a new trial, and it is

*So ordered.*