## INGRAHAM v. WALKER.

(District Court, D. Massachusetts. March 16, 1923).

No. 1755.

Executors and administrators ⬤➾443(1)—Declaration alleging testator's agreement to make provision for servant held to state contract enforceable at law.

A declaration alleging in separate counts that testator, in consideration of services to be rendered during his lifetime, agreed to make financial provision for plaintiff in addition to yearly compensation. sufficient to make him and his family independent for life, and that testator would immediately spend for plaintiff's benefit a sum not less than $75,000, in addition to plaintiff's fixed yearly compensation, *held*, under the Massachusetts law, to state promises sufficiently definite and certain to be enforceable in an action at law.

At Law. Action by John M. Ingraham against Arthur T. Walker, executor. Defendant's demurrer to the declaration overruled.

Parsons, Wadleigh & Crowley and Starr Parsons, all of Boston, Mass., for plaintiff.

Ropes, Gray, Boyden & Perkins, of Boston, Mass., for defendant.

BREWSTER, District Judge. The plaintiff sets out in each count of his declaration an oral agreement between him and the defendant's testator by the terms of which the plaintiff agreed to render personal services for the said testator, who, as it is alleged, agreed to pay a yearly compensation, fixed or to be fixed by the parties, and in addition thereto to pay extra compensation. The promises of the testator relative to this additional compensation are stated in various ways in the four counts, as follows:

First Count.—That testator agreed that in addition to the yearly compensation he would "during his lifetime make such adequate financial provisions for the plaintiff that he would never need to worry, and would make such financial provisions for him that he would be 'well fixed' for life, and that he would make such provisions for him that he would aside from and in addition to said yearly compensation, have sufficient means and income to care for himself during his life and to care for his family if he should have one."

Second Count.—That testator agreed, in addition to yearly compensation, to "pay the plaintiff, or pay for the benefit of the plaintiff, a sum of money sufficient to make the plaintiff and his family independent for life."

Third Count.—That testator "would immediately expend for the plaintiff's benefit a sum of not less than $75,000" in addition to fixed yearly compensation.

Fourth Count.—That testator would do for plaintiff "better than any one else would do; that he would make him independent for life so far as money went; that he would put him beyond the need of worry, either for himself or his family."

Defendant demurred to each count on the general ground that the matters alleged were insufficient in law to enable the plaintiff to main-

tain his action, and on the specific ground that the alleged promises of the testator were too vague and indefinite in their terms to be enforceable at law.

It was urged in argument that the alleged agreements of the plaintiff were uncertain respecting the period of service, and that, if proved, the court or jury would be unable to determine whether plaintiff had fully performed his part of the agreement. But in view of the nature of the services to be rendered, and the facts set forth in each count, it cannot be very well claimed that the services were to extend beyond the lifetime of Searles; and it appearing that plaintiff stayed with Searles until his death in 1920, there can be no difficulty in finding, if the proof comes up to the allegations, that plaintiff fully executed his part of the agreements.

The principal question is whether the alleged promises of defendant's testator are sufficiently definite and certain to be enforced in an action at law.

If we were to be governed by decisions in states other than Massachusetts, notably Pennsylvania, it would no doubt be necessary to declare the contract unenforceable. See Graham v. Graham, Executor, 34 Pa. 475; Wall's Appeal, 111 Pa. 460, 5 Atl. 220, 56 Am. Rep. 288; Mackintosh v. Kimball, 101 App. Div. 494, 92 N. Y. Supp. 132.

But the agreements declared upon were made in Massachusetts, to be performed in Massachusetts, and the validity of them is to be determined by the laws of Massachusetts. The decisions in this state seem to be more favorable to plaintiffs in actions of this kind. While the Supreme Judicial Court of Massachusetts has on facts very different from those alleged in the instant case held contracts bad, because too vague and indefinite (see Marble v. Standard Oil Co., 169 Mass. 553, 48 N. E. 783; Parsons v. Trask, 7 Gray, 473, 66 Am. Dec. 502), the same court has laid down the principle that:

"When a contract has been executed on one side, the law will not permit the injustice of the other party retaining the benefit without paying unless compelled by some inexorable rule." Rugg, J., in Silver v. Graves, 210 Mass. 26, 30, 95 N. E. 948, 949.

In that case it was held that a contract to "make it right" with plaintiffs and to give them "a sum of money that would be satisfactory" was not too uncertain or indefinite to be enforced. See, also, Dixon v. Lamson et al., Executors, 242 Mass. 129, 136 N. E. 346. The test seems to be whether it would be possible for a court or jury to measure the damages resulting from a breach of the agreement claimed to be indefinite or uncertain. The fact that such damages cannot be ascertained without difficulty is not sufficient to bar recovery. Carnig v. Carr, 167 Mass. 544, 46 N. E. 117, 35 L. R. A. 512, 57 Am. St. Rep. 488; Brennan v. Employers' Liability Assurance Corp., 213 Mass. 365, 100 N. E. 633.

I am of the opinion that at the trial under proper instructions a jury will have no greater difficulty in assessing damages than was presented by the facts appearing in the cases cited. The demurrer of defendant to the declaration and to the several counts is therefore overruled.