Myron P. Lewis *vs.* Nathan R. Chapin.

Same *vs.* Preferred Accident Insurance Company of New York.

Suffolk. January 18, 1928.— March 23, 1928.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Sanderson, JJ.

*Actionable Tort. Deceit. Contract,* What constitutes.

At the trial of an action of tort for falsely representing the existence of authority from an insurance company to make an agreement with the plaintiff to reimburse him for repairs paid for by him and made necessary by a collision between the plaintiff's automobile and an automobile insured by the insurance company, a verdict properly was ordered for the defendant where it appeared that the plaintiff never ordered the repairs and there was no evidence that a bill for the repairs ever was presented to the plaintiff or was paid by him; and the evidence showed merely that the defendant had absolute authority to settle all claims against the company up to $200, but under instructions given him by the company's head office any settlement above $200 would have to be approved by the head attorney for the company; and that the damage to the plaintiff's automobile exceeded $200.

Where, at the trial of an action of contract against an insurance company for breach of an oral agreement alleged to have been made in its behalf by its agent to pay to the plaintiff the amount of a bill for repairs of the plaintiff's automobile made necessary by a collision with an automobile of one insured by the defendant if the plaintiff would refrain from bringing an action against the defendant's insured, there was evidence that the repairs were ordered by the defendant and not by the plaintiff; and there was no evidence that a bill for them ever was presented to the plaintiff or their amount paid by him; or that the plaintiff forebore

bringing an action against the defendant's insured at the request of the defendant or its agent and upon its promise to accept responsibility for the accident and reimburse the plaintiff, it was proper to order a verdict for the defendant.

TORT for deceit on the part of the defendant in falsely representing that he had authority from Preferred Accident Company of New York to make an agreement with the plaintiff that, if the plaintiff would forbear to bring an action against J. W. Maguire Company, insured by the defendant's principal, for damages to the plaintiff's automobile resulting from a collision, and would pay a bill for repairs made by Boston Buick Company at the insurance company's request, that company would reimburse the plaintiff. The declaration alleged that the repairs were made, that the bill was presented to the plaintiff in the amount of $527.98, and that it was paid by him. Writ in the Municipal Court of the City of Boston dated November 12, 1925. Also, an action of

CONTRACT against the insurance company to enforce the contract purported to have been made by Chapin. Writ in the Municipal Court of the City of Boston dated November 12, 1925.

Both actions were removed to the Superior Court, where they were tried together before *Flynn*, J. There was no evidence that the bill for repairs had been paid by the plaintiff. Other material evidence is stated in the opinion. At the close of the plaintiff's evidence, both defendants rested, and the judge ordered a verdict for the defendant in each action, and reported the first action to this court for determination, the parties stipulating that, if he was right in ordering the verdict, judgment was to be entered thereon for the defendant; if the action should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $500 and interest and costs. The second action was brought to this court on exceptions by the plaintiff.

*T. M. Reynolds & R. G. Wellings*, for the plaintiff, submitted a brief.

*S. P. Sears*, for the defendants.

PIERCE, J. These actions, the first in tort for deceit and the second in contract, are based upon evidence of material

facts which are identical in form and substance. They were tried to a jury and all material evidence is before this court on report and in the plaintiff's bill of exceptions. At the close of the evidence in the action against Nathan R. Chapin, the presiding judge, on motion, directed a verdict for the defendant and, the parties filing a stipulation, reported the case to this court. At the close of the evidence in the action of contract the judge directed a verdict for the defendant, on motion, and the case is before this court on the bill of exceptions of the plaintiff. .

The facts common to both actions, as the jury could find warrantably, are in substance as follows: The plaintiff on or about February 24, 1925, was the owner of an automobile which was damaged in a collision with an automobile owned by the J. W. Maguire Company. After the collision it was taken to the shop of the Boston Buick Company and, without the request of the plaintiff, was repaired. About ten days after the accident, while the car remained unrepaired in the Buick shop, the plaintiff purchased a new automobile and the Buick company made an allowance of $600 for the old car in its wrecked condition toward the purchase price of the new car. The old car would have been worth $1,100 in trade if it were not for the accident. At the time of the collision the J. W. Maguire Company was insured by the defendant Preferred Accident Insurance Company of New York against loss and liability growing out of the accident, and the plaintiff carried liability insurance with the Employers Liability Assurance Corporation.

The defendant Nathan R. Chapin, at the time of the accident, had been employed by the Preferred Accident Insurance Company of New York as an adjuster for about ten years. He was the resident attorney for the company, was employed directly by the head office in New York, and "had no superior" in Boston. All claims against persons insured by that company were immediately referred to him, and he had absolute authority to settle all claims up to $200 against the company; but under his instructions from the New York office any settlement above $200 would have to be approved by the head attorney for the company in New

York. After the car was towed to the repair shop of the Buick company, the vice-president of that company, one Courtney, had it examined and reported to the plaintiff the extent of the damage and the approximate cost of repairs. The investigators for the defendant insurance company made an examination of the plaintiff's car and estimated the cost of making repairs on it. Thereafter Chapin told the Buick company to go ahead and make the repairs and the Preferred Accident Insurance Company of New York would pay the bill for doing so. The Buick company thereupon made the repairs.

About ten days after the car was taken to the Buick repair shop, Chapin called at the office of the plaintiff, talked with him regarding repairs to the plaintiff's automobile, and raised some question of liability. Shortly thereafter he again called on the plaintiff and, in substance, said that the bill had been checked up by "one of our adjusters"; that it was all right; that the insurance company had agreed to accept responsibility for it and the plaintiff would be reimbursed. The plaintiff never told the Boston Buick Company to repair the car. Chapin requested Courtney to submit the bill for repairs to the plaintiff; and stated that the plaintiff in turn would send it to the insurance company and that company would pay it; and that the insurance company preferred to have the matter handled that way.

Neither the report nor the bill of exceptions contains a statement of fact or any facts from which the jury could rightly infer that after the repairs were made by the Buick company a bill of charges therefor was sent to the plaintiff, or that, if it were sent to and received by him, it was paid by him to the Buick company at the request of Chapin acting in behalf of the Preferred Accident Insurance Company of New York. Nor does it anywhere appear in the report or in the bill of exceptions that evidence was offered or received in support of the allegation in each declaration in substance that the defendant insurance company, through its agent or purported agent Chapin, represented that if the plaintiff would forbear bringing suit or pressing any claim that he might have against the J. W. Maguire Company, the Pre-

ferred Accident Insurance Company of New York would pay all loss and damage incurred by the plaintiff as a result of said accident; that thereupon the plaintiff, relying upon said representation, forbore bringing suit against the J. W. Maguire Company. It is to be further observed that the pleadings although printed are not referred to in either the report or bill of exceptions.

The verdict was directed rightly in the action against Chapin for falsely assuming to have authority to contract with the plaintiff in the matter of the adjustment of any loss which the plaintiff had sustained by reason of the collision of his automobile with that of the J. W. Maguire Company. Chapin was the resident attorney, he had no superior in Boston, he had absolute authority to settle all claims against the defendant insurance company up to $200. The fact, that under his instructions his settlements above that amount required the approval of the head attorney in New York, was not known to the plaintiff; but this did not limit Chapin's general authority to settle claims as between the plaintiff and his principal. *Brooks* v. *Shaw;* 197 Mass. 376. *Forgeron* v. *Corey Hill Garage, Inc.* 249 Mass. 163, 166. *C. F. Hovey Co., petitioner,* 254 Mass. 551, 555.

In the action of contract the verdict for the defendant was directed rightly. There is no evidence reported which sustains the contention of the plaintiff that he forbore the bringing of any action against the J. W. Maguire Company at the request of the defendant insurance company or of its agent Chapin, and upon its promise to accept responsibility for the accident and reimburse the plaintiff. There was no contractual relation whatsoever between the defendant insurance company and the plaintiff when the accident took place, and the agreement of the insurance company to accept responsibility for the possible wrongful acts of the J. W. Maguire Company was not supported by any legal consideration as between the plaintiff and the insurance company. There is no evidence reported that would warrant a finding that the position of the plaintiff was changed or that he suffered any detriment in reliance on the promise of the defendant insurance company. If we assume the promises

of Chapin on behalf of the insurance company were supported by a legal consideration, the agreement was one to answer for the default or misdoing of the J. W. Maguire Company, it was not in writing and consequently was within the protection of the statute of frauds. G. L. c. 259, § 1. *George Lawley & Son Corp.* v. *Buff*, 230 Mass. 21. As has been pointed out, *supra*, there is no evidence reported to sustain an action on the second count for money paid.

In the action in tort judgment is to be entered on the verdict. In the action in contract the exceptions are overruled.

*So ordered.*