FRANK FERRIS *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   May 17, 20, 1935. — September 11, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* What constitutes, Construction, Consideration, Validity. *Release. Agency,* Scope of authority. *Election. Practice, Civil,* Variance.

Evidence of a certain conversation between an employer and an injured employee at a time when the employee gave the employer a sealed release of all claims on account of the injury and received the sum

specified therein, and the fact that the release contained a recital that "This is not a final settlement of this case. This amount paid on account," warranted findings that the employer promised to pay, in addition to the sum then paid, such sum as would give the employee in all fair compensation for the injuries and that such promise was a part of the consideration for the release.

Such promise would not be in conflict with the terms of the release and would not be too vague or indefinite to be enforced.

An agreement to pay fair compensation to an injured employee was within the ostensible authority of a claim agent of the employer whose duties included investigation and settlement of claims, and the employee was not affected by limitations, of which he was ignorant, imposed by the employer on the amount that could be paid by the agent.

The giving of a release extinguished a cause of action in tort, so that the releasor thereafter had no right of election between that cause and a cause of action in contract to recover the consideration promised for the release; and the bringing and later discontinuance of an action of tort did not bar a subsequent action of contract.

A party is not barred from pursuing one remedy on the theory of election between inconsistent remedies merely because he has attempted to pursue another remedy not open to him.

The evidence at the trial of an action of contract going no further than to permit a finding of a promise by the defendant to pay the plaintiff fair compensation for personal injuries, and the declaration setting forth a promise to support and maintain the plaintiff during his disability, a variance was disclosed which made it proper to order a verdict for the defendant though there was no statement in the record that the trial judge did so with the pleadings in mind.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 18, 1933.

Upon removal to the Superior Court, the action was tried before *Donahue*, J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*E. T. Doherty*, for the plaintiff.

*J. DeCourcy*, for the defendant.

QUA, J. The plaintiff declares for alleged breach of a contract whereby he had agreed to release the defendant from all claims as a result of an accident in consideration of $200 and the defendant's agreement to "take care of" the plaintiff, "to do the right thing by him and treat him right until he was able to return to work."

The plaintiff was injured in the course of his employment by the defendant as a watchman at its Somerville yard. One Bingham, who was employed by the defendant as a

claim agent, investigated the case in behalf of the defendant. As the result of an interview at which the plaintiff and the plaintiff's wife and Bingham were present, Bingham gave the plaintiff the defendant's draft for $200, and the plaintiff executed a sealed instrument which stated that in consideration of $200 in hand paid, the plaintiff released and forever discharged the defendant "from any and all actions, causes of action, claims and demands, for, upon, or by reason of any damage, loss, injury, or cost which heretofore has been, or which hereafter may be sustained by me . . ." on account of the accident. This paper also contained the following paragraphs: "This settlement is intended to terminate all disputes as to liability by reason of said accident, whatever its cause and whatever my injury or damage may prove to be" and "This is not a final settlement of this case. This amount paid on account." Bingham made out this paper by filling in a prepared form. The paragraph last quoted above was inserted in his handwriting at the time the paper was signed, because as he testified, "it was understood that two hundred dollars was not a settlement of the case." Later the defendant offered the plaintiff $500 additional as a final payment, but the plaintiff refused it.

There was conflicting testimony as to what was said at the interview when this paper was signed. It is not necessary to state all of it here. The plaintiff testified that he said, "I am not going to sign that paper in full — I will sign that off for no two hundred dollars," and that Bingham replied, "No, no, this is only on account"; that the plaintiff refused to sign until Bingham should say "this is not a full settlement," and Bingham said "This is not a full settlement, this is on account"; that Bingham said, "Don't worry. We always take care of our men and we use them right and fair." The plaintiff's wife testified on direct examination that before her husband signed the paper Bingham said "that they would take care of them, see that they were dealt by right and do the right thing by them, that when Ferris was able to go in to the office of the Boston and Maine they would see what else they would do for them

(the Ferrises) besides the two hundred dollars that he had brought." On cross-examination she testified that before the paper was signed Bingham said "he would see what those higher up would do by way of paying something more and that they always treated their employees right and they would do the right thing by them (the Ferrises) and use them square, use them right. Bingham said he would see what the people higher up would do."

We think on this evidence the jury could have found that Bingham promised that the defendant would pay more than $200 for the release and would pay in addition thereto such sum as should amount in all to fair compensation for the injuries sustained, and that they could also have found that this agreement was a part of the consideration for the release. *Brennan* v. *Employers Liability Assurance Corp. Ltd.* 213 Mass. 365.

Of course this is not the only possible conclusion, even if the jury believed all of the plaintiff's evidence, and if the issue depended upon the testimony as to the oral conversation alone, it would be doubtful whether it could be found to go beyond an assurance of fair intention on the part of the defendant with a willingness to examine into the case further and to do what it might decide to be "right." But the plaintiff's case is strengthened by the insertion in the release itself of words which would be inconsistent with the rest of the instrument and could only have the effect of destroying it as a release of the plaintiff's cause of action in tort unless their presence is to be explained on the theory that there was an agreement for a payment in excess of the $200 mentioned. Such an agreement would not be in conflict with the terms of the written instrument (*Galvin* v. *Boston Elevated Railway*, 180 Mass. 587) or too vague or indefinite to be enforced. *Brennan* v. *Employers Liability Assurance Corp. Ltd.* 213 Mass. 365. *Silver* v. *Graves*, 210 Mass. 26. *Henderson Bridge Co.* v. *McGrath*, 134 U. S. 260, 275.

There was evidence that Bingham had authority to bind the defendant. He testified that his occupation was claim

agent for the defendant and that his duties were to investigate and settle claims.   He had ostensible authority to make settlements, and the plaintiff was not affected by limitations of which the plaintiff had no knowledge as to the amount which Bingham was authorized to pay.   *Brooks* v. *Shaw,* 197 Mass. 376, 379.   *Lewis* v. *Chapin,* 263 Mass. 168.   This is true even though Bingham did mention "those higher up."   An agreement to pay fair compensation is not in itself so extraordinary or extravagant as to fall outside the apparent authority of such an agent.

The fact that before bringing this action the plaintiff brought actions of tort for his injuries and later discontinued them does not show an election of remedies which bars him from prosecuting this action.   If he establishes in this action the contract which he now contends was made, then the release which he signed ended his original cause of action in tort, and he had no right of election.   He is not barred merely because he attempted to pursue a remedy which was not open to him.   *Loomis* v. *Pease,* 234 Mass. 101, 106.   *Burke* v. *Willard,* 249 Mass. 313, 317. *Donovan* v. *Draper,* 268 Mass. 555, 558.

There was, however, no evidence which in our opinion would justify a finding that the defendant agreed to "take care of" the plaintiff in any other sense than by paying a fair sum for his injuries or to assume toward the plaintiff any continuing obligation dependent upon the plaintiff's ability to "return to work."   The declaration seems to us to go beyond this and to allege some promise of support and maintenance during disability.   There was therefore a variance between the agreement declared upon and any agreement which the jury could find to have been proved. For this reason the action of the judge in directing a verdict for the defendant was not error, even though there is no express statement in the record that the ruling was made with the pleadings in mind.   *Wallace* v. *New York, New Haven & Hartford Railroad,* 208 Mass. 16.   *Granara* v. *Jacobs,* 212 Mass. 271.   *Brasslavsky* v. *Boston Elevated Railway,* 250 Mass. 403.   *R. J. Todd Co.* v. *Bradstreet Co.*

253 Mass. 138, 143. Compare *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385, and *Maksymiuk* v. *Puceta,* 279 Mass. 346, 352.

Although these exceptions must be overruled, it will still be open to the plaintiff to move in the Superior Court before judgment (see Rule 79 of the Superior Court [1932]) to amend his declaration so as to present a case in conformity with the evidence, and if such amendment shall be allowed, the case will be retried on the issues thus raised. *Noyes.* v. *Noyes,* 224 Mass. 125. *Eastman* v. *Steadman,* 269 Mass. 250, 252.

*Exceptions overruled.*