ALICE MIKAELIAN *vs.* CHARLES PALAZA & another.

OSCAR MIKAELIAN *vs.* SAME.

Middlesex.     November 3, 1937. — May 26, 1938.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Of one owning or controlling real estate, Trespasser, Of contractor. *Wilful, Wanton or Reckless Misconduct.*

Mere negligence of a contractor, excavating on real estate for a foundation pursuant to an agreement with the owner, did not render the contractor liable to one on the premises as a trespasser.

A contractor's excavation of earth so close to the base of a pole that it later fell over was not wilful, wanton or reckless misconduct toward one who was struck by it as he was crossing the premises as a trespasser, where there was nothing to show that the contractor knew of the presence of the trespasser or had reason to expect that persons would trespass within the field of danger, or that he directed action toward the trespasser.

Two ACTIONS OF TORT. Writs in the Superior Court dated December 1, 1931.

The actions were tried together before *Walsh*, J., who ordered verdicts for the defendants. The plaintiffs alleged exceptions.

*G. M. Yaghjian*, for the plaintiffs.

*H. W. Hardy*, for the defendants.

QUA, J. The first action is for personal injury to the minor plaintiff, hereinafter called the plaintiff. The second action is by the father of the plaintiff for consequential damages. The two actions must stand or fall together. *Thibeault* v. *Poole*, 283 Mass. 480, 485.

As to the decisive facts there is no room for substantial dispute. They are capable of brief statement. The defendants were doing the work of excavating for the foundation of a building to be erected on land alleged in the declarations to belong to one Geramanes. They had excavated with a steam shovel close to the base of a metal electric light pole which stood upon the property near the line of the proposed foundation wall. On Sunday, September 27, 1931, when the shovel was not operating, the plaintiff, then ten years of age, as one of a group of children walking across the premises, skirted the edge of the excavation and was struck and injured by the pole, which fell over at that moment because so much of the earth around it had been removed.

There was ample evidence from which negligence of the defendants could be found, if the defendants owed to the plaintiff any duty to be careful. But it is here that the plaintiff's case fails. When the defendants undertook to perform the job of excavation they were business invitees of the owner, and they acquired from the owner possession for the purposes of the work of that part of the land where the work was to be performed. Such possession is of course not adverse to the owner and may not necessarily be exclusive, but it carries with it enough of the privileges and immunities of ownership to place the contractor in the position of the owner with respect to his duty of care toward trespassers or mere licensees coming upon the land.

*Blackstone* v. *Chelmsford Foundry Co.* 170 Mass. 321. *Grindley* v. *McKechnie,* 163 Mass. 494. *Cole* v. *L. D. Willcutt & Sons Co.* 214 Mass. 453. *Morrissey* v. *Boston & Maine Railroad,* 230 Mass. 171, 175. *McIntyre* v. *Converse,* 238 Mass. 592. Neither the owner of the land nor the defendants were under any duty so to conduct their operations as to keep the premises safe for unauthorized persons to pass over. The pertinent principles are discussed with citation of the cases in *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 344–346.

The evidence tends to show that the plaintiff was a trespasser both as to the owner and as to the defendants. Geramanes must be taken to have been the owner as alleged. *Ferris* v. *Boston & Maine Railroad,* 291 Mass. 529, and cases cited. There is no evidence that the plaintiff had either from the owner or from the defendants any invitation to come upon the land. The plaintiff has thus failed to establish facts out of which any legal duty of care on the part of the defendants toward her would arise. The burden of proof was upon her to establish such facts. *Lanstein* v. *Acme White Lead & Color Works,* 285 Mass. 328. *Garland* v. *Stetson,* 292 Mass. 95, 98–99.

Nor is there evidence which would support a finding of wilful, wanton or reckless conduct on the part of the defendants which would render the defendants liable even to a trespasser. They were unaware of the presence of the plaintiff. There is nothing to show that they had reason to expect that persons would trespass within the field of danger. They directed no action toward or against the plaintiff. Seldom, if ever, can wilful, wanton or reckless misconduct be predicated, where there is no intent to injure, merely upon conditions existing during building operations rendering the premises unsafe to persons whose unlawful presence cannot reasonably be foreseen. *Wentzell* v. *Boston Elevated Railway,* 230 Mass. 275, 277. *Altman* v. *Aronson,* 231 Mass. 588, 592. *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155, 158. *Query* v. *Howe,* 273 Mass. 92, 96. *Isaacson* v. *Boston, Worcester & New York Street Railway,* 278 Mass. 378, 387. In *Romana* v. *Boston*

*Elevated Railway*, 218 Mass. 76, *S. C.* 226 Mass. 532, there was evidence that, to the knowledge of the defendant, persons were in the habit of using a path which ran in dangerous proximity to a pole into which the defendant knew electricity was being allowed to leak. There is no comparable evidence in the cases at bar.

The view which we take of the cases renders the questions of evidence immaterial.

We have examined the plaintiffs' argument with care, but it does not convince us that there was error. In each case the entry will be

*Exceptions overruled.*