LEE C. VINCENT *vs.* NICHOLAS E. TSIKNAS CO., INC.

Barnstable.   May 5, 1958. — June 19, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Sale*, Warranty, Glass jar.   *Practice, Civil*, Auditor: findings;   Case stated.

The report of an auditor whose findings of fact were to be final was in effect a case stated, and his conclusions were subject to review by the trial judge and by this court where it was apparent that they were based solely upon his subsidiary findings, although he did not so state. [727, 728]

In an action against a seller of a glass jar of baby food, having a metal cover inscribed "Pry up gently at points indicated" by arrows, for injuries sustained by the plaintiff when, after inserting a beer can opener in the space between the shoulder of the jar and the cover and putting the lip of the opener under the cover, she pressed down on the opener, using its curved end as a fulcrum against the glass shoulder, and the jar broke, a finding that "no utensil was given or recommended for use on the jar" with which to open it did not support a conclusion that the plaintiff "could properly expect the shoulder of the glass jar would be strong enough to withstand the pressure exerted" by her, nor was a conclusion justified that the failure of the jar to withstand such pressure was a breach of the implied warranty of its merchantability. [728–729]

TORT.   Writ in the Superior Court dated December 3, 1954.

The action was heard by *Donahue*, J., on an auditor's report.

The case was argued at the sitting of the court in May, 1958, before *Wilkins*, C.J., *Ronan*, *Williams*, *Counihan*, & *Whittemore*, JJ., and afterwards was submitted on briefs to all the Justices.

*George M. Poland*, (*Herbert E. Hunziker* with him,) for the plaintiff.

*Paul V. Power*, for the defendant.

WHITTEMORE, J.   This is an action of tort to recover

damages for breach of an implied warranty of merchantability. The case was referred to an auditor whose findings of fact were to be final and therefore the report was in effect a case stated. *Galluzzi* v. *Beverly*, 309 Mass. 135. On June 17, 1954, the plaintiff, a married woman, purchased a jar of baby food from the defendant, a grocer in Woods Hole. The clerk who sold it to her knew that she was married. "The purchase . . . was charged and the charge account was paid with her husband's money." The jar was of glass made by a well known glass manufacturer and its contents packed by an equally well known packer. It was about three and one half inches in height, two inches in diameter, and covered with a metal cap which fitted over the lip of the jar. On the cover was printed "Pry up gently at points indicated," these points being indicated by three arrows. No opener came with the jar and the plaintiff attempted to open it with what we understand to have been the ordinary type of opener used to open cans of beer. It was about three inches long and one half inch wide, and its end "was turned down about one half inch and curled at the end so as to make a small lip." It bore the label: "Schmidt's of Philadelphia, Brewers since 1860." The plaintiff demonstrated to the auditor the manner in which she applied the opener to the cover. She inserted it "into the space between the shoulder of the jar and the cover, with the lip of the opener under the cap of the jar, and the handle of the opener extended upward. She then applied downward pressure to the opener, while holding the jar in her hand, so that the curved end of the opener acted as a fulcrum against the glass shoulder and tend[ed] to lift or pry the cap off. The glass shoulder did not withstand the pressure thus exerted, and the jar broke while held by the plaintiff." As a result the plaintiff's hand was cut. The auditor's report, after an introductory paragraph, has a heading "Facts." There follows in several paragraphs a statement of what happened and the out of pocket loss. Next comes a paragraph reading: "I find that in the circumstances where no utensil was given or recommended for use on the jar, the

female plaintiff could properly expect the shoulder of the glass jar would be strong enough to withstand the pressure exerted in the manner described, and the failure of the jar to withstand such pressure was a breach of warranty of merchantability." Following this finding is a paragraph in which the auditor finds that the plaintiff purchased as a principal, beginning "I find." The concluding four paragraphs state respectively facts as to notice, and the findings as to liability under each of three counts.

The plaintiff excepted to the denial of her motion for judgment. There was a finding for the defendant, which we treat as an order for judgment. *Duff* v. *Southbridge*, 325 Mass. 224, 226. The denial of the plaintiff's motion was correct.

The auditor does not state that his ultimate findings were based solely upon his subsidiary findings but this is not conclusive and we think it is apparent that the ultimate findings were so based. *Mahoney* v. *C & R Construction Co.* 311 Mass. 558. *Hanifin* v. *C & R Construction Co.* 313 Mass. 651, 661. *McAndrew* v. *Quirk*, 329 Mass. 423, 425. *Deyo* v. *Athol Housing Authy.* 335 Mass. 459, 463. *Wasserman* v. *Roach*, 336 Mass. 564, 567. It follows that the conclusions of the auditor were subject to review. *Wasserman* v. *Roach, supra,* and cases cited.

A majority of the court think that the fact that "no utensil was given or recommended for use on the jar" does not support the conclusion that the plaintiff "could properly expect the shoulder of the glass jar would be strong enough to withstand the pressure exerted in the manner described." The auditor has precisely described the way that pressure was exerted. The curled end or lip of the implement was held in place under the cover of the jar. The curved end of the opener operated as a fulcrum against the shoulder of the jar. Undoubtedly, as found, the maneuver had a tendency to cause the lip to lift the cap off. Nevertheless it appears inevitable that it would also tend to pull the rim of the cover against the jar and thus to increase substantially the pressure needed to lift the cap. A majority of the court are

of the view that this procedure was not reasonably responsive to the direction "Pry up gently at points indicated." The propensity of glass to break under pressure is common knowledge. The directions are to be read in the light of that fact. While there was an implied warranty that the jar was of merchantable quality (G. L. c. 106, § 17, [1] and [2]), this "usually means that goods shall be reasonably suitable for the ordinary uses for which goods of that kind and description are sold." *Mead* v. *Coca Cola Bottling Co.* 329 Mass. 440, 442.. We think glass jars are not sold, or bought, in the expectation that they will be subjected to pressures which may be developed by using as a lever, in the manner described, a tool designed to make holes in metal cans. In this view, at best for the plaintiff, it is purely conjectural whether the breaking of the jar was due to the use of inappropriate means to remove the cover or to a defective jar. The *Mead* case (*supra*) is distinguishable. There "[t]he evidence was sufficient to warrant a finding that the bottle was handled . . . in a manner to be expected by the seller of the beverage" (p. 441). See *McCabe* v. *Liggett Drug Co. Inc.* 330 Mass. 177, 178, 180; *Taylor* v. *Jacobson*, 336 Mass. 709, 714–715, and cases cited. We think the instructions were sufficiently clear. The auditor has described the three sixteenths inch space between the bottom of the cap and the shoulder on the jar, within which gentle downward pressure on the shoulder and upward on the rim could be applied. The procedure is commonly indicated and is not complicated. It was error to conclude that there was a breach of warranty of merchantability.

We need not determine whether it could be found that the sale was made with the plaintiff as principal. See *Colby* v. *First National Stores Inc.* 307 Mass. 252, 254–255, and cases cited.

*Exceptions overruled.*