RALPH F. MOORE *vs.* WORCESTER INSULATION CO., INC.

Worcester. September 23, 1958. — November 4, 1958.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Negligence*, One owning or controlling real estate, Licensee, Contractor
*Practice, Civil,* Auditor: findings, conclusion of law.

A contractor engaged to paint the exterior trim of a building had such
possession thereof as was reasonably necessary to permit him to per-
form his work, including control of the windows, and was not liable for
injuries sustained by a mere licensee of the owner of the building sitting
inside it under a window when the contractor's employee negligently
opened that window and caused an object on the window sill to fall
upon the licensee, even though the contractor in carrying on his work
had no occasion to enter the building in any circumstances and was not
in possession of its interior. [46]

A conclusion by an auditor whose findings are not final, based expressly
or by implication on his subsidiary findings and involving a ruling of
law, is subject to review by this court. [47]

TORT. Writ in the Superior Court dated March 2, 1956.

The action was heard by *O'Brien,* J., upon an auditor's
report.

*Richard S. Smith,* for the defendant.

*Walter J. Griffin,* for the plaintiff.

WHITTEMORE, J. This action of tort for personal in-
juries was tried in the Superior Court without a jury. The
case was referred to an auditor who found for the plaintiff.
His report, not final, was the only evidence. The judge
allowed the plaintiff's motion for judgment on the report
and the defendant excepted. There was error.

The report finds relevant facts as follows: On Novem-
ber 15, 1955, the plaintiff, an employee of the Worcester
County Electric Company, was, according to his custom
and without permission from or objection by anyone in
charge, eating his lunch in a fire house of the city of Wor-
cester, which was accessible by truck to the place where the

plaintiff was working on that day. "[T]he defendant's employees were engaged on the contract for the city of Worcester in the painting of the exterior trim of the fire station." Two painters were outside a window under which the plaintiff sat. The upper part of the window was open and dirt was flying in. The plaintiff "talked to one of the defendant's employees, who was standing outside the window, and the employee brushed some dirt from the window and closed it, and walked away." After the plaintiff had eaten his lunch "one of the defendant's employees opened the bottom sash of the window" and thereby negligently caused an object on the window sill to fall upon the plaintiff. There is stated no finding or basis for a finding of wanton, wilful or reckless conduct.

In one of the concluding paragraphs of his report the auditor states, "I find that, at the time he was injured . . . [the plaintiff] was a licensee of the city of Worcester. I find that the defendant . . . was painting the outside trim of the fire station . . . and . . . did not have possession of the interior of the fire station. I find that the plaintiff was neither a licensee, nor a trespasser, as to the defendant . . . ." Plainly, these conclusions, though stated as findings, included rulings of law.

The plaintiff does not dispute that the defendant had "possession for the purposes of the work" (*Mikaelian* v. *Palaza*, 300 Mass. 354, 355) of that part of the building where the work was to be performed nor the principle that such possession carried with it "enough of the privileges and immunities of ownership to place the contractor in the position of the owner with respect to his duty of care toward trespassers or mere licensees . . . ." *Ibid.* 355–356, and cases cited. The plaintiff also recognizes that this principle, if applicable, would limit the defendant's liability to wanton, wilful or reckless conduct. *Gravelle* v. *New York, New Haven & Hartford R.R.* 282 Mass. 262, 267.

The plaintiff does contend that the principle stated in the *Mikaelian* case, *supra,* is inapplicable because of the auditor's finding that the defendant "did not have possession

of the interior of the fire station." No question arises of the correctness of this conclusion of the auditor as a matter of fact. As such it serves to restate the specific fact already found that the defendant was working outside the building. We assume that it serves also to imply a finding that the defendant in carrying on that work had no occasion to enter the building in any circumstances. Nothing turns on these facts in our view of the case.

The auditor's finding as to possession is significant only when read with the finding which follows it that "the plaintiff was neither a licensee, nor a trespasser, as to the defendant." These so called findings, together, embrace the conclusion, and ruling, that the defendant, not having possession of the interior, did not have such possession of the building as to extend the owner's immunity to the act here complained of. Such ruling is wrong. The defendant had such possession of the building as was reasonably necessary to permit it to paint the exterior trim, and this included control of the windows. The defendant's possessory rights, exercisable with the immunity of the owner, included opening and moving the windows to prevent sealing them shut in the course of painting adjacent trim and to facilitate painting such trim or the windows as part of the trim. It is immaterial that the plaintiff when injured was in a part of the building which the defendant would not enter. Compare *Buckley* v. *Arthur J. Hickey Family Laundry Co.* 261 Mass. 348, 350; *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 345. And see *Haskins* v. *Grybko,* 301 Mass. 322. In the *Sarna* case we said as to the cases there reviewed where immunity from liability for negligence was recognized that "in each the plaintiff's injury was caused by contact with property owned or controlled by the defendant" (pp. 345–346). The intervention here of the object which the moving window set in motion is not a basis for a distinction.

The plaintiff is not helped by the rule in *Rosenblum* v. *Ginis,* 297 Mass. 493, 496, that the auditor's general finding imports findings of subsidiary facts essential to the con-

clusion. The rule is not operative where it appears that the general finding purports to rest upon express subsidiary findings. *Ibid.* *Friedman* v. *Berthiaume*, 303 Mass. 159, 162–163. That the general finding is so based need not be expressly stated by the auditor, as in the *Friedman* case, but can be concluded from the context. *Vincent* v. *Nicholas E. Tsiknas Co. Inc.* 337 Mass. 726, 728, and cases cited. Plainly the auditor based his final conclusion on the finding that the defendant was not in possession of the interior of the premises where the plaintiff was hurt. There is no room for the inference that the defendant's employees were engaged in activity unrelated to the contract. Inasmuch as the auditor has disclosed the basis of his finding for the plaintiff, a presumption that it had support in undisclosed facts or inferences is overcome. Compare *Rosenblum* v. *Ginis*, 297 Mass. 493, 497. This is not a case where the trial judge could draw either of two contrary inferences from the auditor's report, so that the judge's ultimate finding is beyond review. Compare *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 568. The case is controlled by *Smith* v. *Graham Refrigeration Products Co. Inc.* 333 Mass. 181, 184, where we said, "Where the conclusion in an auditor's report . . . is in effect a ruling of law, and it appears from facts found that the ruling should have been for the other side, the trial court or this court can correct the error and order that judgment be entered in conformity with the facts found."

*Exceptions sustained.*
*Judgment for the defendant on*
*the auditor's report.*