## Robert H. Carr & Sons, Inc. v. Yearsley

*Rogers & O'Neill,* for plaintiff.
*Gawthrop & Greenwood,* for defendants.

GAWTHROP, P. J., January 31, 1963.—Defendants filed a preliminary objection in the nature of demurrer to plaintiff's complaint in assumpsit alleging breach of implied warranty of merchantability under section 2-314 of the Commercial Code of April 6, 1953, P. L. 3, as amended October 2, 1959, P. L. 1023, sec. 2, 12A, PS §2-314. After argument, the matter is before us for decision. Defendants' demurrer must be overruled.

The complaint alleges purchase by plaintiff from defendants, who were engaged in selling hardware, farm equipment, supplies and the making and repairing of minor pieces of equipment and machinery, of

six 12-foot "log chains" upon which defendants agreed to and did install hooks on one end of each chain by cutting the end link, inserting the hook, and welding the link closed; that one of the chains was used to tow a Mack truck up a hill on a dirt road, in the course of which the chain, link, hook and weld broke and allowed the Mack truck to roll downhill into a stream and upset, causing substantial damage to it; and that the chain, link, hook and weld were not merchantable "in that they were not fit for the ordinary purposes for which such goods are used and were not of fair, average quality in the trade and within the description." Since the amendment of 1959, 12A PS §2-314(2)b, the "fair, average quality" and the "within the description" provisions of the original section are expressly limited to cases of "fungible goods" and thus are not here applicable. Only the fitness for ordinary purposes provisions are presently involved. No question is or properly could be raised as to the existence of the implied warranty.

Defendants rely strongly on Frantz Equipment Company v. The Leo Butler Co., 370 Pa. 459, and Eimco Corporation v. Lombardi, 193 Pa. Superior Ct. 1, limiting the implied warranty of merchantability to use for the "general purpose" for which the goods were sold. Those cases arose under the Sales Act of August 19, 1915, P. L. 543, sec. 15, but substantially the same terms are carried into the Commercial Code, sec. 2-314(2)c, which provides that to be merchantable the goods must at least be ". . . fit for the ordinary purposes for which such goods are used; . . ." Comment 8 under section 2-314 describes that provision as the "fundamental concept of the present section." The sole question now before us arises under that clause.

The limitation of the warranty established in Frantz and Eimco, supra, under the Sales Act is equally

applicable to the words "fit for the ordinary purposes for which such goods are used" appearing in the code, 12A PS §2-314(2) C.

The question then arises as to the ordinary purposes for which a "log chain" with link, hook and weld is used. Defendants insist that such purposes do not include use as a "tow cable," but are limited to operations such as dragging logs out of a woods in timbering operations and securing timber logs to the bed of a conveyance. We are not cited to, nor have we found in Words and Phrases, any dictionary, any decided case or elsewhere a definition of "log chain." Nor can we take judicial notice of its ordinary uses in determining whether that made by plaintiff was among the "ordinary purposes for which such goods are used." Evidence is required to prove that the use here made was among such purposes. But the sale and alleged breach are pleaded in the terms of the code and a demurrer may not be sustained.

Defendants cite two Massachusetts cases, Vincent v. Nicholas E. Tsiknas Co. Inc., 337 Mass. 726, 151 N. E. 2d 263, and Casagrande v. F. W. Woolworth Co. Inc., 340 Mass. 552, 165 N. E. 2d 109, both involving situations which occurred before the effective date of the Commercial Code in that Commonwealth, for the proposition that the use here made of the log chain was outside the ordinary purposes for which such chains are used and therefore outside the implied warranty of merchantability. We cannot reach that conclusion from the reasoning of those cases. In Vincent, the court took judicial notice of the propensity of glass to break under pressure. That factor is absent here. The rationale of the Casagrande case is based largely on the presence or absence of the presumption of normality of a human being. Nothing of that kind here appears. In the absence of common knowledge of the ordinary uses of a log chain and of contrary authority we can-

not hold the complaint deficient in alleging a cause of action under section 2-314 of the Commercial Code.

And now, January 31, 1963, the preliminary objection in the nature of demurrer is overruled. Defendants have 20 days from this date to file a responsive answer.